UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYDEN ROBERT WILLIAMS,

                Petitioner,

v.

BRUCE DAVIS, *et al.*,

                Respondents.

Civ. Action No. 22-5556 (JXN)

**OPINION**

**NEALS**, District Judge

    Petitioner Bryden Robert Williams ("Petitioner"), an individual currently confined at New Jersey State Prison in Trenton, New Jersey filed the instant petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents moved to dismiss ("Motion") the Petition as time barred (ECF No. 9) and Petitioner filed a reply (ECF No. 11). For the reasons expressed below, Respondents' Motion is granted, Petitioner's § 2254 Petition is dismissed with prejudice, and no certificate of appealability shall issue.

**I. BACKGROUND**

    On October 2, 2009, a jury convicted Petitioner of the first-degree murder of Joel Whitley, N.J.S.A. § 2C:11-3(a)(1) and (2) (count one); third-degree unlawful possession of a handgun without a carrying permit, N.J.S.A. § 2C:39-5(d) (count two); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. § 2C:39-4(a) (count three). *State v. Williams*, A-3619-09T1, 2012 WL 752075, at * 1 (N.J. Super. Ct. App. Div. March 9, 2012.) After merging count three into count one, the Honorable James C. Heimlick, J.S.C., sentenced defendant to a term of

fifty-years imprisonment, with an 85% period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. § 2C:43-7.2, and a concurrent term of four-years on count two. *Id.*

Petitioner filed a notice of appeal and on March 9, 2012, the Appellate Division affirmed Petitioner's conviction. (ECF No. 9-6.) On September 7, 2012, the New Jersey Supreme Court granted Petitioner's petition for certification. (ECF No. 9-7.) Following oral argument, the New Jersey Supreme Court affirmed Petitioner's conviction and sentence on August 6, 2014. (ECF No. 9-8.) On March 9, 2015, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Williams v. New Jersey*, 575 U.S. 906 (2015).

On May 8, 2015, Petitioner filed a Petition for Post-Conviction Relief ("PCR"), which was denied by the PCR court on September 11, 2017. (ECF Nos. 9-9, 9-10.) On July 20, 2020, the Appellate Division affirmed the PCR court's denial of post-conviction relief. (ECF No. 9-11.) The New Jersey Supreme Court denied certification on October 30, 2020. (ECF No. 9-12.)

On August 31, 2022, Petitioner filed the instant habeas Petition, raising five grounds for relief. (ECF No. 1.) Respondents subsequently filed the instant motion to dismiss, arguing that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 9.) Petitioner filed a reply raising equitable tolling arguments. (ECF No. 11.) The matter is now ripe for the Court to decide.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court officer and the Petitioner filed the application within the time limits prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). A properly

filed PCR petition will continue to be "pending" in the state courts following an adverse determination by the PCR court until the time in which a petitioner has to file a timely direct appeal in the state courts has run. *See Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n.6 (3d Cir. 2000)

Here, Petitioner's conviction became final on March 9, 2015, the date the United States Supreme Court denied Petitioner's petition for writ of certiorari on direct appeal. 28 U.S.C. § 2244(d)(1)(A). Petitioner then had one year, or until March 9, 2016, to file a timely § 2254 petition. The AEDPA limitations period ran for fifty-three days before it was statutorily tolled when Petitioner filed his PCR petition on May 1, 2015. (ECF No. 9-9.) At that time Petitioner had three-hundred-and-twelve days remaining on his AEDPA one-year statute of limitations.

The PCR court denied Petitioner's PCR petition on September 11, 2017, and the Appellate Division affirmed that denial on July 20, 2020. (ECF Nos. 9-10 and 9-11.) The New Jersey Supreme Court denied Petitioner's petition for certification on October 26, 2020. (ECF No. 9-12.) At that point, the PCR petition was no longer "pending", and Petitioner's AEDPA statute of limitations period resumed running with 312 days remaining. *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001). Therefore, Petitioner had until September 3, 2021, to file a timely habeas petition. Petitioner's instant Petition was not filed until August 31, 2022, approximately one year after his time for filing a timely petition expired. Thus, the court must dismiss the petition as untimely unless Petitioner demonstrates a basis for equitable tolling.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*,


544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

A court also must determine whether extraordinary circumstances exist to warrant equitable tolling. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner presents two equitable tolling arguments. First, Petitioner argues that PCR counsel failed to inform him of the Supreme Court's decision denying his petition for certification.

5

Second, Petitioner contends that the Covid-19 pandemic and related prison restrictions entitle him to equitable tolling. The Court will address these arguments in turn.

Petitioner argues that he is entitled to equitable tolling from October 26, 2020, the date the New Jersey Supreme Court denied Petitioner's petition for certification, until December 20, 2021, the date he was notified the Supreme Court had denied his petition for certification. (*See* ECF No. 1 at 20.) Petitioner contends that PCR counsel failed to inform him that he filed a petition for certification, or that the petition was ultimately denied. (*Id.*) Petitioner submits that he wrote to counsel on September 30, 2020, November 13, 2020, and February 9, 2021, inquiring about the status of a petition for certification. (ECF No. 11 at 3.) Petitioner claims that he attempted to file a *pro se* petition for certification and on December 20, 2021, the New Jersey Supreme Court informed Petitioner that the matter had previously been decided on October 26, 2020.

Petitioner's allegations that PCR counsel failed to inform him of the disposition of his petition for certification is insufficient to demonstrate one of the rare circumstances in which equitable tolling should apply. The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. *See Holland*, 560 U.S. at 635-54. However, the Third Circuit has repeatedly found that in non-capital cases, attorney error does not constitute the "extraordinary circumstances" necessary for equitable tolling. *See, e.g.*, *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation."); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (finding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). The Third Circuit has held that an attorney's failure to timely notify a client of the disposition of an appeal is the type of

attorney error that does not rise to the level of an extraordinary circumstance. *LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005). Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling. *See Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999) (considering the timeliness of a complaint in a Title VII case).

      Here, crediting Petitioner's allegations, PCR counsel filed a timely petition for certification and failed to notify Petitioner of the disposition of that petition. Petitioner does not claim that counsel actively misled him, nor does he allege that he was "in some extraordinary way" prevented from asserting his habeas rights. *See Jones*, 195 F.3d at 159. As explained above, the Third Circuit has held that in non-capital cases, an attorney's failure to timely notify a client of the disposition of an appeal does not constitute extraordinary circumstances warranting equitable tolling. *LaCava*, 398 F.3d at 276-77; *see also Cristin v. Wolfe*, 168 F. App'x 508, 511 (3d Cir. 2006) (counsel's alleged failure to inform the petitioner that he was no longer representing her and that he was not filing a petition for allowance of appeal did not justify equitable tolling); *Wright v. Collins*, No. 12-2414, 2014 WL 221954, at *4 (E.D. Pa. Jan. 21, 2014) ("Even fully crediting [petitioner's claims that his attorney failed to inform him of the status of his appeal and failed to notify him when his appeal and petition for Pennsylvania Supreme Court review were denied], these lapses constitute ordinary neglect, not an extraordinary circumstance justifying equitable tolling."); *Etienne v. Sobina*, No. 10-5522, 2011 WL 3497337, at *5 (E.D. Pa. Aug. 10, 2011) ("[F]ailure to receive notice, by itself, is not an extraordinary circumstance justifying the application of equitable tolling . . . . [E]ven if this error is attributable to his PCRA counsel, attorney errors or other mistakes, including lack of notice, in non-capital cases is not sufficient to constitute extraordinary circumstances.") Petitioner has not shown that his attorney's failure to inform him of the denial of his petition for certification was an extraordinary circumstance justifying equitable tolling.

Petitioner also cannot demonstrate that he was diligently pursuing his rights. Petitioner filed the instant petition on August 31, 2022, nearly eight months after he learned that the New Jersey Supreme Court denied his petition for certification in December 2021. Petitioner argues that this eight-month delay was due to the Covid-19 restrictions in place at New Jersey State Prison, which severely restricted his access to the prison's law library from March 2020 to August 2022. (ECF No. 1 at 20.) Petitioner argues that inmates who were currently "in" court and had an order from the court showing a due date were given priority access to the law library. (*Id.*) Petitioner claims that he submitted numerous requests to be placed on the law library pass list but was never scheduled. (*Id.*) Petitioner claims that when the Covid-19 restrictions were relaxed, he filed his habeas petition on August 31, 2022. (*Id.*) Petitioner submits that the Covid-19 law library restrictions were an extraordinary circumstance that prevented him from timely filing his habeas petition.

Petitioner's argument that the Covid-19 pandemic prevented him from accessing the prison law library does not establish an extraordinary circumstance that warrants equitable tolling. "Courts have concluded that the Covid-19 pandemic 'could – in certain circumstances – conceivably warrant equitable tolling.'" *United States v. Henry*, No. 20-cv-1821, 2020 WL 7332657, at *3 (W.D. Pa. Dec. 14, 2020) (quoting *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020)). "Courts have held that '[a] lockdown and limited library access alone do not support a finding that the statute must be equitably tolled. Rather, petitioner must show that these circumstances actually impeded his ability to file a timely petition." *Hill v. Kauffman*, No. 21-cv-389, 2021 WL 4467582, at *5 (E.D. Pa. July 27, 2021), report and recommendation adopted, 2021 WL 4453639 (E.D. Pa. Sept. 29, 2021) (quotation omitted); *see United States v. Henry*, No. 2:20-cv-01821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2000)

8

("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion."); *see also Pena-Gonzales v. Kansas*, No. 21-cv-3185, 2021 WL 4134347, at *2 (D. Kan. Sept. 10, 2021) ("Lack of access to a law library does not necessarily warrant equitable tolling.").

Here, Petitioner fails to show that the prisons Covid-19 restrictions were an extraordinary circumstance that prevented him from filing a timely § 2254 petition. Notably, Petitioner admits that in December 2021, during the law library restrictions, he was able to file a petition for certification with the New Jersey Supreme Court. Petitioner "fails to sufficiently explain what additional materials he needed or why lack of access to those materials actually prevented him from timely filing his petition." *Pryor v. Erdos*, No. 20-cv-2863, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021). Petitioner presents no argument how lack of access to the law library, prevented him from filing the standard § 2254 form petition which does not require a petitioner to analyze or cite case law. Petitioner admits in his habeas petition that all his instant habeas claims were raised at either the direct appeal or the collateral appeal level. Petitioner does not argue that he needed to perform additional legal research to present those claims to this Court. In fact, in his habeas petition, Petitioner does not cite to any law in support of the claims. Finally, Petitioner does not argue that the prison mail system was suspended and prevented him from filing a §2254 form petition. Rather, Petitioner admits to sending multiple letters to his attorney during the COVID-19 prison restrictions. Petitioner offers no argument regarding why he needed access to the law library to file his §2254 form petition, which re-raised claims that he had presented to the state courts. Accordingly, the Court finds that the matter does not warrant equitable tolling, and the statute of limitations bars the Petition.

9

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

For the reasons discussed above, Petitioner has not met this standard as his habeas petition is untimely. This Court will not issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss is **GRANTED**, Petitioner's habeas petition is **DISMISSED with prejudice** as untimely, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

DATED: May 22, 2023

s/Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge